### 10588.   SEABOARD AIR-LINE RAILWAY COMPANY *v.* PRUITT.

STEPHENS, J.   1. In a suit by a shipper against a carrier to recover
damages for failure to deliver a shipment of live stock promptly and in
good order, the trial judge, in compliance with a request by the carrier,
instructed the jury that a special contract of shipment, which relieves
the carrier of all damage resulting from the carrier's negligence other
than gross negligence, was binding on the shipper unless the shipper
showed that the carrier was guilty of negligence.   The carrier, having
made such request to charge, is estopped from excepting to the charge
upon the ground that the judge failed to charge that the carrier
would not be liable under such special contract unless the carrier was
guilty of gross negligence.

2. A shipper of live stock under a special contract may recover from the
carrier any damages sustained by him as a result of any extra expense
which he may have incurred in feeding and caring for such live stock
by reason of any unreasonable delay caused by the gross negligence of
the carrier in failing to transport and deliver the shipment at the
point of destination.

3. "Where a carrier fails to deliver goods in a reasonable time, the
measure of damage is the difference between the market value at the
time and place they should have been delivered and the time of actual
delivery" (Civil Code (1910), § 2773); and a common carrier cannot
by special contract relieve itself from this measure of damage, where
the goods are damaged by reason of its negligence.

4. The first ground of the amendment to the motion for new trial, wherein
the admission of certain evidence is excepted to, failing to show upon
what ground objection was urged to such testimony, cannot be con-
sidered.

5. The evidence authorized the inference that the plaintiff's loss was due
to the negligence of the defendant company in failing to deliver promptly
the shipment of live stock, rather than to any negligence upon the part
of the plaintiff to properly feed and care for the live stock while in
transit.

6. There being neither in the bill of exceptions nor in this court before
argument begun any assignment of error upon the exceptions pendente
lite, the latter will not be considered.   A bare recital in the bill of

exceptions that exceptions pendente lite were taken, without more, does not amount to an assignment of error upon the exceptions pendente lite.

7. The evidence authorized the verdict, and no error of law was committed. *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
DECIDED FEBRUARY 9, 1920.

Action for damages; from city court of Americus—Judge Harper. April 30, 1919.

*W. W. Dykes, R. T. Hawkins,* for plaintiff in error.
*Shipp & Sheppard,* contra.